UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA SEWELL, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>STATE COMPENSATION INSURANCE FUND,<br><br>　　　　Defendant. | Case No. 13-cv-00588-TEH<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AS MODIFIED** |

**Recitals**:

This matter was scheduled for hearing on August 25, 2014, on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. The parties answered the Court's questions before the August 25, 2014 hearing. Accordingly, the Court vacated the hearing on August 22, 2014, and now decides this unopposed motion without oral argument, pursuant to Civil Local Rule 7-1(b).

On June 16, 2014, Plaintiffs Andrea Sewell, Conrad Silva, and Edith Viera, individually and on behalf of others, filed a Motion for Preliminary Approval of Class Action Settlement. Defendant did not oppose the motion. Federal Rule of Civil Procedure 23(e)(2) requires that in order to approve a class settlement, the court must find the settlement fair, reasonable, and adequate. After reviewing the submission, on July 10, 2014, the Court ordered the parties to submit supplemental briefing regarding certain aspects of their proposed settlement, including the estimated value of Plaintiffs' claims were they to prevail at trial, the lack of injunctive relief in the settlement, compliance with the notice requirements of 28 U.S.C. § 1715(b), as well as the waiver of claims provisions. The Court continued the hearing on the motion from July 21, 2014 until August 25, 2014. In response, the parties' submitted a joint statement addressing the Court's questions and altering others provisions in an amended settlement agreement. *See* Docket Nos. 55-56. The Court subsequently ordered the parties to answer additional questions concerning the

1  class members' objection procedure; in response, the parties submitted a revised Class
2  Notice.  *See* Docket Nos. 59, 63-1.

3  The Court, having fully reviewed Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, the supporting Points and Authorities and Declarations filed in support thereof, including the Memorandum of Understanding Regarding Class Action Settlement and Release and the Amended Memorandum of Understanding Regarding Class Action Settlement Agreement and Release (collectively the "Settlement Agreement"), the modified Notice of Pendency of Class and Collective Action and Proposed Settlement ("Notice"), and the Estimated Payment Form And Instructions ("Estimated Payment Form"), hereby makes the following findings and orders:

**Findings**:

The Court finds on a preliminary basis that the Settlement Agreement, which consists of Exhibit 1 to the Declaration of Harvey Sohnen in Support of Plaintiffs' Motion for Preliminary Approval of Settlement (Docket No. 46-1), and an amendment which is Exhibit 1 to the first Supplemental Declaration of Harvey Sohnen in Support of Plaintiffs' Motion for Preliminary Approval of Settlement (Docket No. 56), and is incorporated in full by this reference and made a part of this Order, appears to be within the range of reasonableness of a settlement which could ultimately be given final approval by this Court.  The Court notes that Defendant has agreed to create a common fund of $1,175,000, to pay (a) settlement payments to participating Class Members, i.e. those who validly opt in with respect to the FLSA Class and those who do not validly opt out with respect to the California Class; (b) enhancement payments not to exceed $7,500, $7,500 and $5,000 respectively to Plaintiffs Andrea Sewell, Conrad Silva and Edith Viera; (c) attorney's fees not to exceed $293,750, and actual costs incurred, not to exceed $15,000; and (d) costs of administration estimated at $14,000.

a. The Court finds that provisional certification of the class for settlement purposes is appropriate.  In particular, the proposed class meets all of the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure,

2

1 except that the Court has not evaluated, and makes no finding, with respect to
2 manageability of the case as a class action.

3       b.      The Settlement Class consists of the California Class and the FLSA
4 Class. The California Class shall be defined as and consist of "all persons employed as a
5 'Payroll Auditor' or 'Senior Payroll Auditor' by Defendant and who regularly performed
6 officially assigned duties outside of an assigned office at any time during the period on or
7 after February 11, 2009 through date of entry of an Order of Preliminary Approval of this
8 Settlement who do not validly opt out." The FLSA Class shall be defined as and consist of
9 "all persons employed as a 'Payroll Auditor' or 'Senior Payroll Auditor' by Defendant and
10 who regularly performed officially assigned duties outside of an assigned office at any
11 time during the period on or after April 4, 2010 through date of entry of an Order of
12 Preliminary Approval of this Settlement who validly opt in."

13       c.      The Court finds that Law Offices of Mary-Alice Coleman and the
14 Law Offices of Sohnen & Kelly are experienced in class action litigation and that Plaintiffs
15 are adequate class representatives. The Court also approves Simpluris, Inc. to act as the
16 class action administrator ("Settlement Administrator").

17       d.      The Court finds that the Notice, which consists of Exhibit 1 in the
18 Supplemental Declaration of Harvey Sohnen in Support of Plaintiffs' Motion for
19 Preliminary Approval of Settlement (Docket No. 63-1), and Estimated Payment Form,
20 which consists of Exhibit 3 in the Declaration of Harvey Sohnen in Support of Plaintiffs'
21 Motion for Preliminary Approval of Settlement (Docket No. 46-3), which are both
22 incorporated in full by these references and made a part of this Order, comport with all
23 constitutional requirements including those of due process.

24       e.      The Court further finds that the proposed Notice to the class
25 adequately advises the class about:

26       (1)      The class action;
27       (2)      The terms of the proposed settlement, the benefits available to each
28            Class Member, and proposed fees and costs to Class Counsel;

     (3)    Each Class Member's right to challenge their dates of employment on the estimated payment form, and to object, opt in and/or to opt out of the settlement, and the timing and procedures for doing so;

     (4)    The provisional and conditional certification of the class for settlement purposes only;

     (5)    Preliminary court approval of the proposed settlement; and

     (6)    The date of the Final Approval hearing as well as the rights of members of the class to file documentation in support of or in opposition to and appear in connection with said hearing.

    f.    The Court further finds that the mailing to the last known address for members of the class, as specifically described within the Settlement Agreement, constitutes reasonable notice to Class Members of their rights with respect to the class action and proposed settlement.

**Based on the above, the Court hereby makes the following Orders:**

1.    The Court orders the preliminary approval of this litigation as a settlement class action and provisionally orders certification of the settlement class defined as: The Settlement Class consists of the California Class and the FLSA Class. The California Class shall be defined as and consist of "all persons employed as a 'Payroll Auditor' or 'Senior Payroll Auditor' by Defendant and who regularly performed officially assigned duties outside of an assigned office at any time during the period on or after February 11, 2009 through date of entry of an Order of Preliminary Approval of this Settlement who do not validly opt out." The FLSA Class shall be defined as and consist of "all persons employed as a 'Payroll Auditor' or 'Senior Payroll Auditor' by Defendant and who regularly performed officially assigned duties outside of an assigned office at any time during the period on or after April 4, 2010 through date of entry of an Order of Preliminary Approval of this Settlement who validly opt in."

/

/

2. The Court orders that the Settlement appears to be within the range of reasonableness of a settlement which could ultimately be given final approval by the Court.

3. The Court orders the appointment of the Law Offices of Mary-Alice Coleman and the Law Offices of Sohnen & Kelly as Class Counsel and orders the appointment of Andrea Sewell, Conrad Silva and Edith Viera as the class representatives. The Court further approves and appoints Simpluris, Inc. to act as the class action administrator ("Settlement Administrator").

4. Defendant shall, by September 15, 2014, provide the Settlement Administrator with a list of all Settlement Class Members, their last known addresses, e-mail addresses, telephone numbers, Social Security numbers and such records as are necessary to compute distribution amounts. At the same time, Defendant shall provide to Plaintiffs' Counsel the same information, but without Social Security numbers.

5. The Settlement Administrator shall mail by first class mail and e-mail the Notice and Estimated Payment Form (Exhibit 1 in the Supplemental Declaration of Harvey Sohnen in Support of Plaintiffs' Motion for Preliminary Approval of Settlement (Docket No. 63-1) and Exhibit 3 to the Declaration of Harvey Sohnen in Support of Plaintiffs' Motion for Preliminary Approval of Settlement (Docket No. 46-3), respectively) to Settlement Class Members on the list provided by Defendant, no later than October 7, 2014.

6. The Court orders that, no later than 35 days before the Final Approval hearing, a declaration shall be filed with the Court by the Settlement Administrator stating that the Notices and Estimated Payment Forms were mailed and re-mailed to the Class Members in accordance with the Settlement Agreement.

7. The Court orders that any Work History Challenge form must be postmarked no later than sixty (60) calendar days after the Notice is initially mailed to the class, that is, by December 8, 2014 and must be received by the Settlement Administrator to be valid.

/

8. The Court orders that any request for exclusion must be postmarked no later than sixty (60) calendar days after the Notice is initially mailed to the class, that is, by December 8, 2014 and must be received by the Settlement Administrator to be valid.

9. The Court orders that any Class Member may object to the Settlement Agreement. Any objection must be in writing, and mailed to the Settlement Administrator. Such objection shall include the name and address of the Class Member and the basis of the objection. To be timely, the objection must be postmarked no later than sixty (60) calendar days after the Notice is initially mailed to the class, that is, by December 8, 2014. Objections not previously filed in writing in a timely manner will not be considered. All objections or other correspondence must state the name and number of the case, which is *Andrea Sewell et al. v. State Compensation Insurance Fund,* Case No. C13-00588-TEH.

10. The Court orders that the Final Approval Hearing shall be held before the undersigned on **January 26, 2015** at 10:00 a.m. in Courtroom 2 of the above-entitled court, to consider the fairness, adequacy and reasonableness of the proposed settlement preliminarily approved by this Order, and to consider the motion of Class Counsel for an award of reasonable attorney's fees and costs, the named Plaintiffs/Class Representatives' enhancements, and administration costs.

11. The Court orders that any party to this case, including any class member, in person or by counsel, may be heard, to the extent allowed by the Court, in support of, or in opposition to, the Court's determination of the good faith, fairness, reasonableness and adequacy of the proposed settlement, the requested attorney's fees and costs, the requested named Plaintiffs' enhancements, requested administration costs, and any order of final approval and Judgment regarding such settlement, fees, costs and enhancements; provided, however, that no person, except Class Counsel and counsel for Defendant shall be heard in opposition to such matters unless such person has complied with the conditions set forth in the Notice to the Class.

/

/

12. The Court orders that all briefs regarding the settlement shall be served and filed in accordance with the following briefing schedule: All briefs and materials in support of an order of final approval shall be filed with this Court no later than 35 days before the Final Approval Hearing, except that the motion for attorney's fees and costs shall be filed no later than November 24, 2014, and noticed for the date of the Final Approval hearing. Any objections to the settlement shall be filed and served in accordance with this Order and the Settlement Agreement. Any opposition to the motion for attorney's fees and costs shall be filed and served no later than December 8, 2014. Response briefs, if any, including opposition to objections, shall be filed with this Court no later than 14 days before the Final Approval Hearing.

13. The Court orders that upon final approval, assuming no objections, or upon dismissal or resolution of objections, all class members, other than opt outs, and their successors shall conclusively be deemed to have given full releases of the Released Claims (as defined in the Settlement Agreement) and as modified by this Order and all class members (other than opt-outs) and their successors, shall be permanently enjoined and forever barred from asserting any Released Claims as described by the Settlement Agreement.

14. The Court orders that if for any reason the Court does not execute and file an order of final approval and judgment, or if such a final approval order is reversed, the Settlement Agreement and the proposed settlement which is the subject of this Order and all evidence and proceedings had in connection therewith, and the provisional certification of the class, shall be without prejudice to the status quo ante rights of the Parties to the litigation as more specifically set forth in the Settlement Agreement.

15. The Court orders that the Settlement Agreement shall not be construed as an admission or evidence of either liability or the appropriateness of class certification in the non-settlement context, as set forth in the Settlement Agreement.

/

/

United States District Court
Northern District of California

16. The Court orders that, pending further order of this Court, all proceedings in this matter except those contemplated herein and in the Settlement Agreement are stayed.

17. The Court orders that Class Counsel submit a proposed Judgment in connection with the Motion for Final Approval of Class Action Settlement as set forth in the Settlement Agreement.

18. The Court expressly reserves the right to adjourn or continue the Final Approval Hearing from time to time without further notice to the class members.

**IT IS SO ORDERED.**

Dated: 08/27/2014

THELTON E. HENDERSON
United States District Judge