1  **LAW OFFICE OF MARY-ALICE COLEMAN**
   **MARY-ALICE COLEMAN, SBN 98365**
2  **MICHAEL S. AHMAD, SBN 231228**
   1109 Kennedy Place, Suite #2
3  Davis, CA 95616
   Telephone:  (916) 498-9131
4  Facsimile:  (916) 304-0880

5  **LAW OFFICES OF SOHNEN & KELLY**
   **HARVEY SOHNEN, SBN 62850**
6  **PATRICIA KELLY, SBN 99837**
   2 Theatre Square, Suite 230
7  Orinda, CA 94563-3346
   Telephone:  (925)258-9300
8  Facsimile:  (925) 258-9315

9  Attorneys for Plaintiffs **ANDREA SEWELL**,
   **CONRAD SILVA**, and **EDITH VIERA** individually, and on
10 behalf of all others similarly situated

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREA SEWELL, CONRAD SILVA, and EDITH VIERA, individually and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br>      v.<br><br>STATE COMPENSATION INSURANCE FUND,<br><br>              Defendant. | Case No.: 3:13-cv-00588-TEH<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS**<br>Judge: Honorable Thelton E. Henderson<br>Courtroom:  2<br>Date:  January 26, 2015<br>Time: 10:00 a.m.<br><br>Action Filed: February 11, 2013 |

   This matter was heard by the Court on January 26, 2015, at 10:00 a.m., in Courtroom 2, of the United States District Court, Northern District of California, before the Honorable Thelton E. Henderson, pursuant to Plaintiffs' noticed Motion for Final Approval of Class Action Settlement and Motion for Award of Attorney's Fees and Costs. Appearances were noted in the record.

The Court has reviewed the materials submitted by the parties and has heard arguments presented at the hearing. For the reasons cited on the record as well as those stated hereafter, the Court finds and orders as follows:

The Court, having considered the documents filed by the Parties in connection with the class action settlement, the arguments of counsel, the Motion for Final Approval of Class Action Settlement, filed December 22, 2014, Dkt. No. 74; the Motion for Award of Attorney's Fees and Costs, filed November 24, 2014, Dkt No. 69; the Memorandum of Understanding Regarding Class Action Settlement Agreement and Release, filed as Exhibit 1 to the Declaration of Harvey Sohnen in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Approval of Attorney Fees, Enhancements and Administration Costs, filed June 16, 2014, Dkt. No. 46, as amended by the Amended Memorandum of Understanding Regarding Class Action Settlement Agreement and Release, attached as Exhibit 1 to the Supplemental Declaration of Harvey Sohnen in Support of Plaintiffs' Motion for Preliminary Approval of Settlement, filed July 23, 2014, Dkt. No. 56 (jointly referred to as the "Settlement Agreement"); the Motion for Preliminary Approval of Class Action Settlement, filed June 16, 2014, Dkt. No. 44; the Supplemental Briefs in Support of Preliminary Approval of Class Action Settlement, filed June 16, 2014, Dkt. Nos. 45-46; this Court's Order Granting Preliminary Approval of Class Action Settlement, filed August 27, 2014, Dkt. No. 65; Statement of Non-Opposition to Motion for Award of Attorney's Fees and Costs filed by State Compensation Insurance Fund, filed December 8, 2014, Dkt. No. 73; and the reply briefs in support of Final Approval of Class Action Settlement and Award of Attorney's Fees and Costs, filed November 24, 2014, and December 22, 2014, Dkt. Nos. 70 and 75; Statement of Non-Opposition to Motion for Final Approval filed by State Compensation Insurance Fund, filed January 5, 2015, Dkt. No. 77; Supplemental Declaration of Mary Butler Regarding Notice and Settlement Administration, filed January 12, 2015, Dkt. No. 78; Supplemental Declaration of Harvey Sohnen in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement and Award of Attorney's Fees and Costs, filed January 12, 2015, Dkt. No. 79; Supplemental Declaration of Michael Ahmad in Support of Plaintiffs' Motion for Award of Attorney's Fees and Costs, filed January 12, 2015, Dkt. No. 80; Supplemental Memorandum of Points and Authorities

in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement and Award of Attorney's Fees and Costs, filed January 12, 2015, Dkt. No. 81; hereby grants final approval of the Settlement and grants the Motion for Award of Attorney's Fees and Costs and HEREBY ORDERS AND MAKES THE FOLLOWING DETERMINATIONS:

1. Except as otherwise specified herein, the Court for purposes of this Final Approval Order adopts all defined terms set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and all claims raised in this action and released in the Settlement Agreement, and personal jurisdiction over State Compensation Insurance Fund and all Settlement Class Members. Specifically, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. section 1331.

3. Pursuant to this Court's Order filed August 27, 2014, Dkt. No. 65, the Notice of Pendency of Class and Collective Action and Proposed Settlement and Claim Form (collectively "Notice Packet") were mailed by first-class mail on October 6, 2014, to 314 Class Members. Any Notice Packets that were initially returned undeliverable were re-mailed to new addresses determined after investigation, and ultimately only 2 Notice Packets remained undeliverable due to an inability to find a correct address. In addition, on November 7, 2014, an email reminder was sent to 85 Class Members who had not responded to the initial mailing with the return of a Claim Form or a Request for Exclusion Form. The Notice Packet advised the Class Members of the pertinent terms of the proposed settlement, namely, the claims to be resolved by way of the settlement, the Total Settlement Amount, the preliminary estimate of each Settlement Class Member's distribution and the basis upon which the Class Member's share was calculated, the proposed class representative service awards and the proposed deduction for attorney's fees, litigation costs, and administration fees. It further informed the Class Members of the manner in which to challenge their work history stated on the Claim Form, request exclusion, or to object to the settlement and the deadlines for each, and their right to appear in person or by counsel at the final approval hearing. Adequate periods of time were provided for each of these procedures as set forth in the Settlement Agreement approved by this Court. Furthermore, no member of the Class has appeared at the final approval hearing to object.

4.     As of January 22, 2015, there were 255 Class Members who consented to join the FLSA Settlement Class, either by filing a consent form or by submitting an opt-in Claim Form.  As such, more than seventy-five percent of Class Members have joined the FLSA Settlement Class.  As a part of the notice process, only one member of the Class has sought to be excluded from the California Settlement Class.  No Class Member has submitted a written objection.

5.     The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members.  The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

6.     The Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Settlement Class and to each Settlement Class Member, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.  In addition to the reasons set forth in the Court's statements set forth in the Preliminary Approval Order, the fact that no Class Member objected, and that only one Class Member opted out, further supports the Court's finding that the Settlement is fair, reasonable, and adequate.

7.     The Court finds and determines that the Settlement payments to be paid to the participating Settlement Class Members as provided for by the Settlement Agreement are fair and reasonable.  The Court hereby gives final approval to and orders the payment of those amounts be made to the participating Settlement Class Members in accordance with the terms of the Settlement Agreement.

8.     Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this Order, including the requirement that Defendant make payments to the participating Settlement Class Members in accordance with the Settlement Agreement.

9.     The Parties are hereby ordered to comply with and carry out the terms of the Settlement Agreement.

10. Solely for purposes of effectuating this Settlement, this Court certifies a "California Settlement Class" of "all persons employed as a 'Payroll Auditor' or 'Senior Payroll Auditor' by Defendant and who regularly performed officially assigned duties outside of an assigned office at any time during the period on or after February 11, 2009 through August 27, 2014, and who has not validly opted-out." This class was provisionally certified in the Order Granting Preliminary Approval of Class Action Settlement, filed August 27, 2014, Dkt. No. 65.

11. At his request, one individual has opted out of the California Settlement Class as identified in the Supplemental Declaration of Mary Butler Regarding Notice and Settlement Administration, filed January 12, 2015, Dkt. No. 78.

12. The Court further certifies, solely for purposes of effectuating this Settlement, an "FLSA Settlement Class" of "all persons employed as a 'Payroll Auditor' or 'Senior Payroll Auditor' by Defendant and who regularly performed officially assigned duties outside of an assigned office at any time during the period on or after April 4, 2010 through August 27, 2014, who have submitted an 'opt-in' claim form in this Action." This class was provisionally certified in the Order Granting Preliminary Approval of Class Action Settlement, filed August 27, 2014, Dkt. No. 65. The FLSA Settlement Class consists of 255 Settlement Class Members who opted into the FLSA Settlement Class by filing either consent forms with the Court or sending opt-in Claim Forms to the Settlement Administrator. The list of individuals who have opted into the FLSA Settlement Class is attached as Exhibit 1 to the Supplemental Declaration of Mary Butler Regarding Notice and Settlement Administration, filed January 12, 2015, Dkt. No. 78, and two additional persons, Aileen Alvarez-Sparks and Linda Namy. The submitted Claim Forms have been filed with this court consistent with 28 U.S.C. 216(b), and are attached as Exhibits 2 and 3 to the Supplemental Declaration of Mary Butler Regarding Notice and Settlement Administration, filed January 12, 2015, Dkt. No. 78, except for the claim forms of the two additional persons, which are Exhibits 1 and 2 to the Declaration of Harvey Sohnen filed January 22, 2015, Dkt. No. 83.

13. The "Settlement Class" consists of the California and FLSA Settlement Classes.

14. With respect to the Settlement Class and for purposes of approving this settlement only, this Court finds and concludes that: (a) the Members of the Settlement Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class which predominate over any individual issues; (c) the claims of Class Representatives Andrea Sewell, Conrad Silva, and Edith Viera are typical of the claims of the members of the Class; (d) each Class Representative has fairly and adequately protected the interests of the members of the Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representatives, *i.e.*, Class Counsel, are qualified to serve as counsel for Plaintiffs in their individual and representative capacities and for the Settlement Class. The Court's findings are based on Plaintiffs' motions for preliminary approval and final approval, and on the fact that Defendant has not opposed class certification for the limited purpose of class action settlement. The Court further recognizes that certification under this Order is for settlement purposes only, and shall not constitute or be construed as an admission by Defendant that this action is appropriate for class treatment for litigation purposes.

15. Every person in the California Settlement Class, except the individual who opted out, is a California Settlement Class Member and shall be bound by the Settlement Agreement and be deemed to release and forever discharge all Released State Law Claims, as set forth in the Settlement Agreement.

16. Every person in the FLSA Settlement Class who filed a consent form with the Court or sent an opt-in claim form to the Settlement Administrator is an FLSA Settlement Class Member and shall be bound by the Settlement Agreement and be deemed to release and forever discharge all Released Federal Law Claims, as set forth in the Settlement Agreement. The list of individuals who have opted into the FLSA Settlement Class is attached as Exhibit 1 to the Supplemental Declaration of Mary Butler Regarding Notice and Settlement Administration, filed January 12, 2015, Dkt. No. 78.

17. The Court approves a payment to the Class Representatives in the amount of $7,500.00 to Andrea Sewell and Conrad Silva, each, and $5,000.00 to Edith Viera, as an enhancement for the initiation and pursuit of this action, work performed, and risks undertaken, as more fully set forth in the moving papers and Class Representative Declarations. These amounts are separate and apart from any other recovery to which these Class Representatives might be entitled to under other provisions of the Settlement Agreement.

18. The Court finds that notice of the requested award of attorney's fees and costs was directed to Class Members in a reasonable manner, and complied with Rule 23(h)(1) of the Federal Rules of Civil Procedure. Class Members and any party from whom payment is sought have been given the opportunity to object pursuant to Rule 23(h)(2) of the Federal Rules of Civil Procedure, and no Class Member has objected to the requested fees or expenses.

19. Class Counsel, having conferred a benefit on absent Class Members and having expended efforts to secure a benefit to the Class, is entitled to a fee and accordingly, the Court approves the application of Class Counsel, 1) Law Offices of Sohnen & Kelly; and 2) Law Office of Mary-Alice Coleman, in the total amount of $293,750, which is 25 per cent of the gross settlement fund, for their attorney's fees and $10,150.35 for their litigation expenses. This award of 25 per cent of the common fund is within the range of attorney's fee awards in similar wage-and-hour class actions and is warranted in this case due to the high level of risk involved and the exceptional skill and diligence required to litigate and resolve the difficult claims at issue. The propriety of awarding twenty five per cent of the common fund in this case is confirmed by the lodestar cross check: Based on the time expended and rates charged, which the Court specifically finds to be reasonable, Class Counsel's lodestar actually exceeds the common fund award.

20. The Court further approves and directs Simpluris, Inc., the appointed Settlement Administrator, to disburse to those persons and entities referenced below, in the manner set forth as follows:

    A. Participating Settlement Class Members, by check, his/her individual Settlement Payment as calculated by the Settlement Administrator within twenty-five (25) days of the "Settlement Effective Date" as defined in paragraph 42 of the Settlement Agreement;

    B. Class Representatives, the sums of $7,500.00 to Andrea Sewell and Conrad Silva, each, and $5,000.00 to Edith Viera, by check, in addition to any Settlement distribution to which he/she is entitled within fifteen (15) days of the Settlement Effective Date;

    C. The Law Offices of Sohnen & Kelly and Law Office of Mary-Alice Coleman, jointly, by check, the total amount of $293,750, for their attorney's fees and $10,150.35 for their litigation expenses within fifteen (15) days of the Settlement Effective Date; and,

    D. Simpluris, Inc. the total amount of $14,000 for administration costs and expenses within fifteen (15) days of the Settlement Effective Date.

    E. Second round Settlement share checks to all participating Settlement Class Members from the Settlement Fund who cashed first round checks within the ninety (90) day period, within forty-five (45) days of date of expiration of first round Settlement Class Member settlement checks.

    F. Residual funds in the Settlement Fund to the *cy pres* beneficiary no later than thirty (30) days after the end of the ninety (90)-day period for cashing checks in the second round distribution.

  21. The Court retains jurisdiction over the administration and effectuation of the Settlement including, but not limited to, the ultimate disbursal to the participating Settlement Class Members, payment of attorney's fees and expenses, the enhancement payment awards to the Class Representatives, payment to the Settlement Administrator, and other issues related to this Settlement.

  22. The Court enters judgment and dismissal of the entire action with prejudice, as of the filing date of entry of this final order.

**IT IS SO ORDERED**.

Dated: ___01/26/15_____    _____
                   HONORABLE THELTON E. HENDERSON
                   U.S. DISTRICT JUDGE

1 | Approved as to form:

2 | DATED: January 12, 2015                              MEDINA MCKELVEY LLP

3

4 |                                                       By:     /s/ Brandon R. McKelvey
                                                              Brandon R. McKelvey
                                                              Attorneys for Defendant
5 |                                                           STATE COMPENSATION INSURANCE
                                                              FUND
6

7 | DATED:  January 12, 2015                             SEYFARTH SHAW LLP

8

9 |                                                       By:     /s/ Julie G. Yap
                                                              Mark P. Grajski
                                                              Julie G. Yap
10 |                                                          Attorneys for Defendant
                                                              STATE COMPENSATION INSURANCE
11 |                                                          FUND